[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13170

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2012
JOHN LEY
CLERK

D. C. Docket No. 6:08-cv-01212-ACC-GJK

MORTGAGE PAYMENT PROTECTION, INC.,

Plaintiff-Counter
Defendant-Appellee
Cross-Appellant,

versus

CYNOSURE FINANCIAL, INC.,

Defendant-Counter
Claimant-Appellant
Cross-Appellee,

VIRGINIA SURETY COMPANY, INC.,

Defendant-Counter
Claimant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(July 10, 2012)

Before DUBINA, Chief Judge, JORDAN and ALARCON,[*] Circuit Judges.

PER CURIAM:

In this diversity breach of contract action, Appellant/Cross-Appellee, Cynosure Financial, Inc. ("CFI"), appeals the district court's order granting partial summary judgment to Appellee/Cross-Appellant, Mortgage Payment Protection, Inc. ("MPPI"), and its orders denying CFI's motion to compel, striking CFI's supplemental expert economics report, and quashing CFI's trial subpoenas. MPPI cross appeals the district court's grant of summary judgment in favor of CFI on all of its breach of contract claims and its denial of MPPI's motion for reconsideration.

The following issues are presented for appellate review:

1. Whether the district court erred in denying CFI's request for damages because the evidence was too speculative.

2. Whether the district court abused its discretion in denying CFI's motion to compel MPPI to produce evidence of premiums generated by an insurance program referred to as the New Genworth Program.

---

[*]Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

3. Whether the district court abused its discretion in striking CFI's supplemental expert economics report.

4. Whether the district court abused its discretion in quashing CFI's trial subpoenas by which CFI instructed records custodians to appear at trial and certify documents, that both MPPI and CFI already possessed, reflecting the premiums generated by the New Genworth Program.

5. On cross-appeal, whether the district court erred in granting summary judgment to CFI on the underlying issue of liability with regard to MPPI's breach of contract claim and CFI's claim on count 1.

6. On cross-appeal, whether the district court abused its discretion by denying MPPI's motion for reconsideration, or in the alternative, motion for entry of final judgment.

This court reviews *de novo* a district court's order granting summary judgment. *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1337 (11th Cir. 2009).

This court applies an abuse of discretion standard to the district court's orders denying a motion to compel discovery, quashing a subpoena, and denying a motion for reconsideration. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006) (motion to compel discovery); *United States v. Tokars*, 95 F.3d

1520, 1537 (11th Cir. 1996) (motion to quash a subpoena); *Florida Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1218 (11th Cir. 2000) (motion for reconsideration).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments presented by the parties in the direct appeal or in the cross-appeal. Accordingly, we affirm the district court's grant of summary judgment in favor of CFI on all of its breach of contract claims and we affirm all of the remaining orders of the district court that have been appealed in this case.

**AFFIRMED.**